IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-121-D
No. 5:11-CV-610-D

| | | |
|---|---|---|
| DOUGLAS GENE WHITFIELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On May 15, 2013, this court dismissed Douglas Gene Whitfield's ("Whitfield") first motion under 28 U.S.C. § 2255 [D.E. 235]. In that motion, Whitfield attacked his sentence and claimed, inter alia, that the Assistant United States Attorney ("AUSA") promised him a 96-month sentence if he pleaded guilty, but breached the plea agreement when the AUSA failed to object to the court's 120-month sentence. In dismissing the motion, this court explained why the argument failed. See id. 4. On November 22, 2013, the United States Court of Appeals for the Fourth Circuit declined to issue a certificate of appealability and dismissed Whitfield's appeal. See United States v. Whitfield, 546 F. App'x 304 (4th Cir. 2013) (per curiam) (unpublished).

On October 20, 2014, Whitfield filed his second motion under 28 U.S.C. § 2255 and raised many of the same arguments concerning his sentence that he made in his first section 2255 motion (including the argument about the alleged breach of his plea agreement). See [D.E. 267]. On June 1, 2015, this court dismissed Whitfield's second 2255 motion as successive and denied a certificate of appealability. See [D.E. 280].

On August 4, 2015, Whitfield filed a motion under 28 U.S.C. § 2241. See [D.E. 282]. He continues to make the same argument about his plea agreement and his sentence that he made in his

first and second 2255 motions. See id. The court already explained why the argument fails. See [D.E. 235]. In any event, this court lacks subject-matter jurisdiction over Whitfield's section 2241 motion.

Before filing a second or successive application for habeas relief in the district court, an applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255(h); Magwood v. Patterson, 561 U.S. 320, 330–31 (2010). Furthermore, this court lacks jurisdiction to review Whitfield's section 2241 motion unless the Fourth Circuit authorizes such review. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152–53 (2007) (per curiam); United States v. Surratt, No. 14-6851, 2015 WL 4591677, at *4–21 (4th Cir. July 31, 2015); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Whitfield failed to obtain authorization from the Fourth Circuit. Thus, the court dismisses Whitfield's section 2241 motion as successive. Moreover, this court denies a certificate of appealability. See, e.g., 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Winestock, 340 F.3d at 206–07.

In sum, Whitfield's section 2241 motion [D.E. 282] is DISMISSED as successive, and the court DENIES a certificate of appealability.

SO ORDERED. This 19 day of August 2015.

JAMES C. DEVER III
Chief United States District Judge

2